IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBYN LONG, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B)<br>    *Plaintiff*,<br><br>            v.<br><br>TMCD CORPORATION D/B/A THE MEN'S CLUB OF DALLAS D/B/A THE MEN'S CLUB OF CHARLOTTE D/B/A THE MEN'S CLUB OF HOUSTON, & DAVID FAIRCHILD, Individually,<br><br>    *Defendants*. | Civil Action No. |

## ORIGINAL COMPLAINT

Plaintiff Robyn Long, individually and on behalf of similarly situated individuals, files this Fair Labor Standards Act ("FLSA") lawsuit and in support shows the Court as follows:

### I.     NATURE OF SUIT

1. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours and detrimental conditions affecting worker well being. To achieve its humanitarian goals, the FLSA establishes minimum wage standards and other worker protections that apply to all employees. Defendants attempted to circumvent the FLSA's protections through a longstanding policy of misclassifying entertainer employees as independent contractors in order to deny them proper wages, misappropriate lawfully earned tips and charge illegal fees. Defendants have violated the FLSA's minimum wage provisions by failing to (1) pay tipped employees pursuant to 29 U.S.C. § 203(m); and (2) siphoning away tips to non-tip eligible employees.  *See* 29 U.S.C. §§ 203, 206.

## II. PARTIES

2. Plaintiff Robyn Long ("Plaintiff") is an individual who was employed by Defendants within the three years preceding this filing. Her consent is attached as "Exhibit A."

3. The Class Members are all current and former entertainers who worked at Men's Club locations in Dallas, Texas; Houston, Texas; and Charlotte, North Carolina within the three years preceding this filing.

4. TMCD Corporation d/b/a The Men's Club of Dallas d/b/a The Men's Club of Houston d/b/a The Men's Club of Charlotte ("Men's Club" or "Defendant") is a Texas Corporation that that may be served through its registered agent Robert Levine, 146 Westcott, Suite 200, Houston, TX 77007.

5. David Fairchild is the sole corporate officer of the Men's Club, serving as both President and Secretary for the corporation. He can be served at his residence located at 1600 Bent Creek Drive, Southlake, Texas, 76092 or wherever he may be found.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in this District because a substantial portion of the events forming the basis of the suit occurred in this District and one or more of the parties reside in this District.

## V. COVERAGE

8. At all times material times, Defendants have acted in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

9. At all material times, Defendants have been employers or joint employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant the Men's Club has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant Men's Club has been an enterprise or enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993). Specifically, Plaintiff and Class Members have sold goods—such as alcoholic beverages, cigars, and a variety of foods—that have been moved or produced in interstate commerce to Defendants' patrons. Additionally, Defendants' entertainers have handled materials that have been moved or produced in interstate commerce, which Defendants have used in their business operations.

## VI.   FACTUAL ALLEGATIONS

13. The Men's Club operates a family of gentleman's clubs located in Dallas, Texas; Houston, Texas; and Charlotte, North Carolina and does more than $500,000.00 in business each year. The various locations are all advertised collectively at http://www.mensclub.com/. The primary function of the Men's Club is the operation of an exotic entertainment business.

14. Defendant David Fairchild exerted significant operational control over the Men's Club, its employees, and pay policies during the relevant time period. Specifically, during the relevant time period, David Fairchild: (1) established and directed corporate policy; (2) supervised compliance with labor standards; (3) selected the individuals in charge of operating and setting guidelines at each respective location; and (4) controlled and established company-wide rules and practices that governed Plaintiff and the Class Members.

15. Defendants employed Plaintiff and the Class Members as entertainers during the three years prior to filing this lawsuit. More particularly, Plaintiff worked from approximately 2002 to September 28, 2015.

16. Plaintiff and the Class Members received hourly compensation below the minimum wage. In fact, Defendants do not pay entertainers any money whatsoever for hours worked by the entertainers. Instead, Plaintiff and the Class Members are compensated exclusively through tips generated from Defendants' customers.

17. Plaintiff and the Class Members have been victimized by Defendants' common payment policy that violates their FLSA rights by improperly denying them minimum wage and lawfully earned tips.

18. Furthermore, Defendants charge Plaintiff and the Class Members a "house fee"—a flat fee determined based on the time they arrive at work— and other required fees before they begin each shift. Defendants also require the entertainers to share their tips with non-service employees who do not customarily and regularly receive tips, including disc jockeys and "house moms" at all of its locations.

19.     Defendants also collect an illegal percentage of all credit card or club-currency tips (commonly referred to as "funny money") received by Plaintiff and the Class Members when "cashing out" these payments following work shifts.

20.     Defendants illegally classified the entertainers as independent contractors. However, at all times, Plaintiff and the Class Members were Defendants' non-exempt employees as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d 324.

21.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer in regards to Plaintiff and the Class Members.  The following facts further demonstrate that entertainers, including Plaintiff and the Class Members, were employees—as opposed to independent contracts—of Defendants:

   a. Defendants had the sole right to hire and fire the entertainers;

   b. Defendants provide the entertainers with music equipment and a performing stage;

   c. Defendants, and its managers and "house moms," supervise the entertainers;

   d. Defendants require entertainers to work hours of the day (lunch time/early afternoon) and threaten to terminate (and do terminate) if they do not work at these undesired work hours;

   e. Defendants require entertainers to work certain days of the week (Sunday, Monday or Wednesday) and threaten to terminate (and do terminate) if they do not work on these undesired days;

   f. Defendants maintain a rigid dress code and certain appearance standards that the entertainers are required to follow and maintain;

   g. Plaintiff and the Class Members were hired as permanent employees;

   h. Experience was not fully required for Plaintiff or the Class Members to work as entertainers for the Defendants;

   i. Plaintiff and the Class Members, individually, contribute less of an investment into their performances than Defendants;

j. Defendants set the amount Plaintiff and the Class Members charge for dances;

k. Defendants instructed both Plaintiff and the Class Members about when, where, and how they were to perform their work.

22. Defendants failed to pay Plaintiff and the Class Members any compensation whatsoever, which constitutes a violation of the FLSA's minimum wage requirement. *See* 29 U.S.C. § 206.

23. Defendants further violated the FLSA by requiring Plaintiff and Class Members to pay a portion and/or percentage of their tips to Defendants and Defendants' other non-service industry employees.

24. Defendants willfully violated the FLSA, as Defendants misclassified Plaintiff and the Class Members for the sole purpose of avoiding Defendants' FLSA obligations to their entertainer employees.

## VII. COLLECTION ACTION ALLEGATIONS

25. Plaintiff incorporates paragraphs 13 – 24 as if stated fully herein.

26. As part of its practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the Class Members by engaging in a pattern, practice of policy of violating the FLSA on a class wide basis, as provided above.

27. Plaintiff and the Class Members have the same pay structure, have the same job duties, and suffer from Defendants' misclassification of entertainers as independent contractors.

28. Plaintiff and the Class Members are all non-exempt for purposes of minimum wage payments under the FLSA. Plaintiff and the Class Members are all victims of Defendants' baseless misclassification of their entertainers as independent contracts, as Defendants classify all (100%) of their entertainers as independent contractors.

29. Defendants violated the FLSA by failing to pay Plaintiff or the Class Members minimum wage for any of the hours worked at Defendants' three locations. Defendants further violated the FLSA by doing the following to Plaintiff and Class Members:

- Charging the above described "house fee";
- Requiring the sharing of tips with non-service employees; and
- Assessing a high fee on all credit card and club-currency tips.

Defendants' failure to pay minimum wage compensation pursuant to the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.  Plaintiff's experience in regards to pay is typical of the experiences of the Class Members.

30. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct caused harm to Plaintiff and the Class Members that supports Defendants' FLSA liability.

    **VII.   CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

31. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating

such employees for their employment in excess of forty hours per week at rates no less than one and one-half times the regular rates for which they were employed and by failing to pay them minimum wages. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law. Under 29 U.S.C. § 216, Plaintiff and the Class Members are entitled to recover unpaid minimum wage compensation, reimbursement of deducted tips and fees paid, and an equal amount as liquidated damages for Defendant's willful violations.

## VIII. RELIEF SOUGHT

32. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants join and severally liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit); and

    b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

    d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelayer.com


   /s/ *Jack Siegel*
**JACK SIEGEL**
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
10440 N. Central Expy.
Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
www.siegellawgroup.biz


**ATTORNEYS FOR PLAINTIFF**