# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **ROBYN LONG,** and all others similarly situated Under 29 USC 216(B), | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:15-CV-3298-L** |
| **TMCD CORPORATION** d/b/a The Men's Club of Dallas d/b/a The Men's Club of Charlotte d/b/a The Men's Club of Houston; **and DAVID FAIRCHILD, Individually,** | § § § § § § § | |
| Defendants. | § § | |

## STIPULATED ORDER DISMISSING COMPLAINT WITH PREJUDICE

Before the court is the parties' Stipulated Order Dismissing Complaint with Prejudice, filed December 23, 2015.  The court determines that this action should be dismissed.  Accordingly, all the parties in the above-captioned matter, by and through their respective counsels hereby state as follows:

WHEREAS, Plaintiff Robyn Long filed her complaint on October 13, 2015. [Dkt. No. 1]. The "Consent Plaintiffs" (collectively with Long the "Plaintiffs") filed their 29 U.S.C. § 216(b) consents to sue as follows: Billi Doyle and Korina Beck on October 14, 2014 [Dkt. Nos. 5-6]; Bobbie Arterberry on October 15, 2014 [Dkt. No. 7]; Raecheal Kite on October 21, 2015 [Dkt. No. 8]; Krista Rene Dickens on November 3, 2015 [Dkt. No. 9]; Kristina Kelley on December 3, 2015 [Dkt. No. 15]; and Amber Elyse Martin on December 11, 2015 [Dkt. No. 16].

WHEREAS, Defendants' counsel have provided Plaintiffs' counsel with agreements executed by each Plaintiff which Defendants assert require each Plaintiff to resolve her claims against Defendants via mandatory private arbitration.

WHEREAS, the parties have conferred through counsel in an effort to efficiently resolve Defendants' forthcoming motion to compel arbitration and to dismiss.

The parties **HEREBY STIPULATE AND AGREE** as follows:

1.      Plaintiff Long's complaint is *hereby dismissed with prejudice*, which dismissal shall also *dismiss* the claims of all Consent Plaintiffs *with prejudice*.  This dismissal does not prejudice or in any way affect any Plaintiff's ability to pursue her claims in arbitration.

2.      The parties shall confer in good faith to select the neutral arbitrators to whom any Plaintiff's claims will be submitted for arbitration.

3.      If after forty-five (45) days, the parties have not agreed on the neutral arbitrator(s) to whom to submit any Plaintiff's claims, any party may file a motion pursuant to 9 U.S.C. § 5 with the court seeking an order appointing the arbitrator(s) to whom any Plaintiff's claims must be submitted.  The parties may, at any time, submit a joint 9 U.S.C. § 5 motion for appointment of arbitrators.

4.      All of Plaintiffs' claims are tolled such that any applicable limitations periods shall be calculated from the date of the filing of the complaint for Plaintiff Long, and the date of the filing of her 29 U.S.C. § 216(b) consent to sue for each Consent Plaintiff.  Any Plaintiff forfeits and knowingly waives this tolling if the same individual Plaintiff fails to submit her claims in arbitration within 90 days of this order, unless the individual Plaintiff submits a 9 U.S.C. § 5 motion in accordance with the preceding paragraph or the parties have submitted a joint motion. In the event any plaintiff has filed a 9 U.S.C. § 5 motion in accordance with the preceding

**Stipulated Order Dismissing Complaint with Prejudice – Page 2**

paragraph (or the parties have submitted a joint motion) she forfeits and knowingly waives this tolling if she fails to submit her claims in arbitration within forty-five (45) days of an order on an 9 U.S.C. § 5 motion appointing an arbitrator to hear her claims. A claim is submitted when such plaintiff has, in good faith, undertaken the necessary steps to initiate arbitration with the selected arbitrator or arbitration organization.

5.      The parties may agree to extend the periods set forth in Paragraphs 3 and 4 above. Such agreement must be in writing to be effective. An e-mail transmission constitutes "writing" when clearly confirmed.

The court, having reviewed the stipulation of the Parties, hereby *directs* that the Stipulation recited above is entered in full as an order of the court.

**It is so ordered** this 13th day of January, 2016.

Sam A. Lindsay
United States District Judge

**AGREED AS TO FORM
AND SUBSTANCE:**

/s/ *Jack Siegel*
**JACK SIEGEL**
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
10440 N. Central Expy.
Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
www.siegellawgroup.biz


**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com


**ATTORNEYS FOR PLAINTIFFS**

*/s/ Brian S. Rawson*
**BRIAN RAWSON**
State Bar No. 24041754
brawson@hdbdlaw.com
**ROY B. MCKAY**
State Bar No. 24071171
rmckay@hdbdlaw.com
**HARTLINE DACUS BARGER
DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, TX 75231
(214) 346-3727

AND

**BRADLEY J. SHAFER***
MI Bar No. P36604
Brad@BradShaferLaw.com
**MATTHEW J. HOFFER***
MI Bar No. P70495
Matt@BradShaferLaw.com
**SHAFER & ASSOCIATES, P.C.**
3800 Capital City Blvd. Suite 2
Lansing, Michigan 48906
517-886-6560 – Tel.
517-886-6560 – Fax
*Pending Admission

**ATTORNEYS FOR DEFENDANTS**